Magistrate Judge S. Kate Vaughan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>KENAN DEJUAN BROWN,<br><br>Defendant. | CASE NO.  MJ24-191<br><br>COMPLAINT for VIOLATION<br><br>18 U.S.C. Section 922(g)(1) |

BEFORE, the Honorable S. Kate Vaughan, United States Magistrate Judge, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1

**(Unlawful Possession of a Firearm)**

On or about October 20, 2023, in King County, within the Western District of Washington, KENAN DEJUAN BROWN, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

Complaint - 1
*United States v. Brown*
USAO No. 2024R00054

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. *Felon in Possession of a Firearm,* in the Western District of Washington, under case number CR16-071 JLR, dated on or about September 19, 2016;

b. *Assault in the Third Degree-Domestic Violence,* in King County Superior Court, under case number 12-1-00802-3 KNT, dated on or about June 27, 2012; and

c. *Domestic Violence Felony Violation of Court Order,* in King County Superior Court, under case number 11-1-06067-1 KNT, dated on or about June 27, 2012;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Glock Model 19 Gen 9mm handgun, which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

And the complainant states that this Complaint is based on the following information:

I, Michael J. Collier, being first duly sworn on oath, depose and say:

## INTRODUCTION

1.      I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am assigned to the Seattle, Washington, Group III Field Office. I have been an ATF Special Agent since December 13, 2009, responsible for investigating and enforcing violations of federal law. I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program, which are both located at the Federal Law Enforcement Training Center in Glynco, Georgia. I have completed the ATF Digital Media Collection Specialist Training course and have conducted multiple forensic collections of data from multiple digital media and other electronic storage platforms. I have also completed ATF Certified Explosives Specialist training and have conducted multiple explosives investigations. I received my Bachelor of Science degree in Psychology and a second in Criminal Justice from Towson University in Towson, Maryland. I also obtained a Master of Science degree in Criminal

Complaint - 2
*United States v. Brown*
USAO No. 2024R00054

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Justice Administration from Columbia Southern University in Orange Beach, Alabama. I have obtained a Master of Science Graduate Certificate in Explosives Engineering from Missouri University of Science and Technology in Rolla, Missouri. I have also obtained a Doctor of Forensic Science from Oklahoma State University, in Stillwater, Oklahoma.

2.    I am responsible for investigations involving specified unlawful activities, to include violent crimes that occur in the Western District of Washington. I am also responsible for enforcing federal firearm, arson and explosives laws and related statutes in the Western District of Washington. I have actively participated in investigations of criminal activity, including but not limited to crimes against persons, crimes against property, narcotics-related crimes, and crimes involving the possession, use, theft, or transfer of firearms. During these investigations, I have also participated in the execution of search warrants and the seizure of evidence indicating the commission of criminal violations. As a law enforcement officer, I have testified under oath, affirmed to applications of search and arrest warrants, and obtained electronic monitoring orders.

3.    The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; the review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

4.    Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, it does not set forth each and every fact that I, or others, have learned during the course of this investigation.

## SUMMARY OF PROBABLE CAUSE

**A.    KENAN DEJUAN BROWN's Criminal History**

5.    I have reviewed court and law enforcement records related to KENAN DEJUAN BROWN's criminal history. I have determined that BROWN has been

Complaint - 3
*United States v. Brown*
USAO No. 2024R00054

convicted of multiple felonies including, *Felon in Possession of a Firearm,* in the Western District of Washington, under case number CR16-071 JLR, dated on or about September 19, 2016; *Assault in the Third Degree-Domestic Violence,* in King County Superior Court, under case number 12-1-00802-3 KNT, dated on or about June 27, 2012; and *Domestic Violence Felony Violation of Court Order,* in King County Superior Court, under case number 11-1-06067-1 KNT, dated on or about June 27, 2012.

**B.    BROWN's Arrest**

6.    On October 20, 2023, Seattle Police Department Officer Ruiz and Graybill were dispatched to a report of a single-vehicle collision on 31st Avenue SW, in Seattle, Washington, within the Western District of Washington. When the officers arrived, they found a white Chrysler 300 sedan off the roadway and in contact with a tree. A photograph of how the responding officers found the Chrysler is pasted below.



7.    Officers Ruiz and Graybill saw BROWN seated in the driver's seat of the vehicle. As the officers approached the vehicle, they noticed the vehicle was in "accessory" mode but not running. Moreover, the transmission was in drive. Officer Graybill attempted to speak with BROWN. The officer noticed BROWN had a difficult

Complaint - 4
*United States v. Brown*
USAO No. 2024R00054

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

time answering basic questions, he was slow in responding to questions, and that he struggled to keep his eyes open. Based on the officer's observations, he suspected BROWN was under the influence of a substance. BROWN eventually identified himself by name and date of birth, but after saying his name, BROWN tilted his head back against the headrest and appeared to lose consciousness.

8.    After BROWN appeared to pass out, Officer Ruiz, while outside of the vehicle, noticed the grip of what appeared to be a black handgun with an extended magazine protruding from the outer pocket of the jacket BROWN was wearing. The officers saw that BROWN was the sole human occupant of the vehicle, but Brown was accompanied by a large dog, which barked and growled as the officers approached the vehicle. Due to the presence of what appeared to be a firearm and a large dog with an uncertain disposition, the officers backed aware from the vehicle BROWN was seated in.

9.    The officers ran the rear license plate affixed to the Chrysler and learned that it was a license plate for a reported stolen rear plate from Auburn, Washington. The officers also ran BROWN's name and date of birth and learned he was a convicted felon, and thus ineligible to possess firearms.

10.    Additional units arrived on scene to assist. As officers approached the Chrysler again to take BROWN into custody, Officer Ruiz removed the handgun from BROWN's person. The handgun was later determined to be a semi-automatic Glock manufactured, model 19 GEN 5 9mm caliber pistol. Inserted into the handgun was an extended magazine with a 24-round capacity. The handgun was later determined to be loaded with 21 cartridges in the magazine with one in chamber. A photograph of the loaded handgun recovered from BROWN's person and the stolen license plate affixed to the Chrysler BROWN was operating when he collided with a tree is pasted below.

//

//

Complaint - 5
*United States v. Brown*
USAO No. 2024R00054

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



11. Officers eventually took BROWN into custody. After doing so, Officer Ruiz advised BROWN of his constitutional warnings. Officers then transported BROWN to Harborview Medical Center.

12. Officer Michl, a Drug Recognition Expert trained by the Washington State Patrol, spoke with Officer Graybill about his observations of Brown. Officer Michl later received judicial authorization to secure a sample of BROWN's blood. While serving the warrant for BROWN's blood, BROWN expressed confusion as to why he was being arrested. During this time, BROWN told Officer Michl that he was a regular user of methamphetamine and marijuana. A sample of BROWN's blood was eventually obtained by a registered nurse at Harborview Medical Center.

13. Officers later learned upon running the vehicle identification number for the Chrysler, that in addition to the license plate being reported stolen, the vehicle BROWN was driving was also reported stolen.

14. On or about January 18, 2024, ATF SA Brian Arnold, a certified Interstate Firearms and Ammunition Nexus Expert, who has been trained in the recognition of firearms and ammunition and their origin of manufacture, examined photographs of the handgun removed from BROWN's person on October 20, 2023. SA Arnold was also provided descriptions of the handgun. SA Arnold provided a preliminary determination that the handgun was not manufactured in Washington State. Based upon his experience,

Complaint - 6
*United States v. Brown*
USAO No. 2024R00054

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

knowledge, and research, he opined that the handgun recovered from BROWN's person on October 20, 2023, meets the definition of a firearm under Title 18, United States Code, Section 921(a)(3). Furthermore, it is SA Arnold's opinion that, because the handgun was not manufactured in Washington State, it therefore must have traveled in, and thereby affected, interstate commerce if it was received or possessed in Washington State.

15. Based on the foregoing, I respectfully submit that there is probable cause to believe that KENAN DEJUAN BROWN committed the offense alleged in this Complaint.

MICHAEL COLLIER

Digitally signed by MICHAEL COLLIER
Date: 2024.03.26 19:41:31 -07'00'

Michael Collier, Complainant,
Special Agent, CES ATF

The above-named Special Agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by telephone on this 28th day of March, 2024. Based on the Complaint and the sworn statement, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 28th day of March, 2024.

THE HONORABLE S. KATE VAUGHAN
United States Magistrate Judge

Complaint - 7
*United States v. Brown*
USAO No. 2024R00054

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970